## HILTZ *v.* SCULLY. (IN GENERAL TERM.)

B. contracted with H. to build him a house, and employed S. to do the plastering. When the work was ready for the plastering, B. had become of doubtful credit, and S. applied to H. to know whether he had funds of B. under the contract to pay for the plastering, and was assured by H. that there would be funds of B. retained in H.'s hands to pay for the work to be done by S., and also gave his verbal promise that if S. would go on and do the work, he, H., would pay for it if B. did not. S. thereupon went on and did the plastering, but when he called on H. for the money, H. denied that he had any money of B. under the contract.

*Held,* that H. was estopped to deny that he had funds to pay for the work; also, that the promise was an original contract with S., not void under the statute of frauds, as a verbal promise to pay the debt of another; that though the promise was first alleged in the reply, and might properly have been ordered to be stricken out of the reply as a departure,

yet, as leave would have been given to put it in the petition by amend-
ment, if stricken out of the reply, the error in overruling the motion to
strike out was not prejudicial to the defendant, and so was not a ground
for reversing the judgment rendered after a trial on the issue as made in
the reply.

This was, in the court below, a proceeding by Scully, the
plaintiff, for plastering done by him on the defendant's
house, under a sub-contract with Becket & Megrue, who
were the contractors with Hiltz for the building of the
house.   Becket & Megrue failed to pay the plaintiff, their
sub-contractor, for the plastering done by him, and he
served a notice upon Hiltz, the owner, under the statute to
subject the funds in his hands coming to the contractors.
The defendant claims that he had paid to the contractors all
that was due before the service of the notice.   The plaint-
iff alleges, and claims to have proved, that before the work
was done, the plaintiff, finding the doubtful circumstances
of the principal contractors, signified to the defendant that
he would not proceed with the work unless there were funds
in his hands to secure him, the plaintiff, the payment of his
compensation for the work; and that the defendant then, in
order to induce the plaintiff to proceed with the work, as-
sured him that there were sufficient funds in his hands to
pay him for the work, and that it should be paid if he would
only proceed, and that on that assurance he did proceed and
performed the work, and gave the notice under the statute.
Now, it is claimed that the defendant can not be heard to
contradict the statement he made before and at the time
the work was done; and secondly, that the defendant did
actually contract with the plaintiff to pay him for the work,
and that on that contract, and on that only, the work was
done by the plaintiff, who had no confidence in the solvency
of Becket & Megrue.

*J. C. Miller*, for defendant in error.

TAFT, J.   We have examined the evidence in the case,
and are satisfied that the allegations of the plaintiff are

substantially sustained by it, and that it would be inequitable for the court to allow the defendant, after having secured the benefit of the work in the manner proved, to turn the plaintiff over to Becket & Megrue for his compensation. The defendant was directly interested in having the work go on. Becket & Megrue could not pay for it. The plaintiff was under no obligations to do the work for the defendant without being paid for it. The consideration for the assurance given by the defendant to the plaintiff was direct and sufficient.

But it is claimed that this ground of recovery arises upon the replication only, and is such a departure from the case made in the petition as to preclude the plaintiff from availing himself of it; that Scully, who was the sub-contractor, in his petition showed that Hiltz, the defendant, who was proprietor, assured the plaintiff before the work was done that he, defendant, had in his hands funds belonging to Becket & Megrue, the contractors, sufficient to pay the plaintiff for the work he was doing as a sub-contractor, and that the defendant Hiltz was estopped to deny the truth of the assurance on the faith of which plaintiff did the work; that the defendant, having in his answer denied the existence of funds in his hands belonging to the contractors, the plaintiff in reply alleged that Hiltz not only assured the plaintiff that there was and would be funds of the contractors, Becket & Megrue, in his hands to pay for the work, but promised the plaintiff that if he would proceed and finish the work, the defendant would pay him for the work if the contractors did not. It is claimed by the defendant that the allegations in the replication of a promise to pay for the work was a departure, and that the court erred in overruling the demurrer to the reply, and in overruling the motion to strike out this part of the reply. We do not regard the allegation in the replication inconsistent with the petition. Although the contractors, Becket & Megrue, were responsible for the work, yet, under the circumstances, we think that the defendant Hiltz must also be considered

Hiltz v. Scully.

as responsible as upon an original contract to plaintiff. It was not a promise merely collateral to the engagement of Becket & Megrue; for here was a work to be done for defendant, and the plaintiff was not bound to do it unless he could be paid for it. Becket & Megrue were no longer able to pay for it. It became the defendant's own affair, just as much as if Becket & Megrue had never had a contract on the subject. That alleged promise, that he would pay, was not inconsistent with the assurance that he should have in his hands funds of the contractors sufficient to pay for the work. Nor was it necessary that that promise should be in writing, as coming within the statute of frauds, for as between plaintiff and defendant it was the defendant's own debt.

Could, then, the promise be brought forward in the reply after the answer had set up as a defense that defendant had no money of the contractors to pay plaintiff.

The promise set up in the reply ought to have been alleged in the petition, and might properly have been stricken out on motion. But it would have been stricken out only to be incorporated in the petition by amendment. The evidence has been heard, and in the opinion of the judge who heard it, sustains the allegation of the promise.

If there was technical error in overruling the motion to strike out, we do not regard it as prejudicial to the defendant, or as now furnishing a ground to reverse the judgment.

Such a departure does not render the reply insufficient on demurrer. It is only by motion that the defendant can take advantage of it, and then it is in the nature of a dilatory objection. *White* v. *Joy*, 3 Kearn. 83; Voorhes Code, sec. 155, p. 305.

The judgment of the court in Special Term is affirmed.

Application was made to the Supreme Court for leave to file a petition in error, which was refused.